UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIEMENS INDUSTRY SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1- 100, <br><br> Defendants. | Case No. 4:22-cv-00588 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF SIEMENS INDUSTRY SOFTWARE INC.'S MOTION AND MEMORANDUM OF LAW FOR DISCOVERY PURSUANT TO FED. R. CIV. P. 26(d)(1)**

**PRELIMINARY STATEMENT**

By this Motion, Siemens Industry Software Inc. ("SISW") seeks an Order to compel discovery from Comcast Corporation ("Comcast") to determine the identities of the Doe Defendants in this case. Specifically, SISW has learned that certain individuals violated its rights under the federal Copyright Act to at least six (6) product lifecycle management ("PLM") software products that SISW manufactures and distributes—NX, Solid Edge, Star CCM, Femap, FloTHERM, and AMESin (the "Software")—by downloading those PLM products without authority to do so. To protect its rights to and investment in the Software, SISW filed this action against those individuals, whom SISW has identified as Does 1-100, until it can determine their identity. Although SISW has identified the Internet protocol (IP) addresses and/or accompanying network information associated with these Doe Defendants, SISW has not yet determined their identities and has not yet named these individuals as defendants in this action. SISW is informed and believes that the identifying information is within the possession of Comcast, which assigned

the IP addresses associated with these individuals. Without access to that information through discovery, SISW cannot move forward with this attempt to protect its copyrights. Accordingly, SISW respectfully requests that this Court grant this Motion.

## STATEMENT OF RELEVANT FACTS

SISW manufactures and distributes Product Lifecycle Management ("PLM") software products that assist companies with efficient management of the entire lifecycle of a product (i.e., ideation, design, manufacture, service, disposal, etc.). PLM software brings together computer-aided design ("CAD"), computer-aided manufacturing ("CAM"), computer-aided engineering ("CAE"), product data management, and digital manufacturing. (Complaint ¶ 7.)

The Software consists of at least six (6) product lifecycle management ("PLM") software products that SISW manufactures and distributes—NX, Solid Edge, Star CCM, Femap, FloTHERM, and AMESin. NX software offers a broad suite of integrated, fully associative CAD/CAM/CAE applications. (*Id*. ¶ 8). Solid Edge is an industry-leading mechanical design system that provides its users exceptional tools for creating and managing three-dimensional digital prototypes. (*Id*. ¶ 9). Star CCM is an advanced engineering simulation software program that captures the physics that influences product performance. (*Id*. ¶ 10). Femap is an advanced engineering simulation software program that creates finite element analysis models of complex engineering products and systems, and displays solution results. (*Id*. ¶ 11). FloTHERM is a design development software that allows users to predict the airflow and heat transfer in and around electronic equipment. (*Id*. ¶ 12). Simcenter AMESim software is a commercial simulation software for the modeling and analysis of multi-domain systems. (*Id*. ¶ 13).

The Software constitutes and contains SISW's valuable intellectual property that has been developed over many years through the investment of substantial resources. To protect that

investment and the rights and interests associated with it, Siemens is, and at all relevant times has been, the owner of copyrights under federal law with respect to the Software. (*Id*. ¶ 14; *see id*. Exhs. A-O).

To protect its investment in the Software and its intellectual property rights, SISW investigates unauthorized downloads. Through this process, SISW can identify certain IP addresses associated with each illicit use and download.

SISW has contacted Comcast to inquire on its policy and procedure related to seeking information sufficient to identify the persons associated with certain IP addresses identified as having illegally downloaded SISW's software. Comcast has indicated that they will comply with our request if SISW obtains a Court Order accompanying any subpoena requesting such information.

## **ARGUMENT**

Fed. R. Civ. P. 26(d)(1) states, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by a court order." A Rule 26(f) conference obviously cannot occur without knowledge of the identities of the Defendants. As set forth above, Comcast will only provide information sufficient to identify the identities of the Defendants if accompanied by a Court Order. In order to advance this matter, SISW requires and respectfully requests that this Court grant this narrow request for discovery from Comcast so that SISW can identify and serve process upon the Defendants.

This Court has applied a good cause standard when determining whether to permit expedited discovery under Rule 26(d)(1). *See Turner Indus. Grp., LLC v. Int'l Union of Operating Eng'rs, Local 450,* No. H-13-0456, 2013 U.S. Dist. LEXIS 68746, at *7-8 (S.D. Tex. May 10, 2013) ("Although Rule 26 does not so state, to justify a court order for expedited discovery the

party seeking discovery should show good cause.") (citing 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL RULES OF CIVIL PROCEDURE § 2046.1 (3d ed. 2013). The Eastern District of Texas has also applied a "good cause" standard to determine whether to permit expedited discovery, and it has done so when considering a similar motion seeking similar information from an ISP. *Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-CV-00509, 2012 WL 6684711, at *2 (E.D. Tex. Dec. 21, 2012). The Eastern District applied five factors to determine whether good cause was shown: (1) whether the plaintiff makes a prima facie showing of harm, (2) the specificity of the discovery requests; (3) the absence of alternative means to obtained the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim, and (5) the user's expectation of privacy. *Combat Zone*, 2012 WL 6684711, at *1. Applied to the facts of this case and the Proposed Order, all of these factors favor granting SISW's expedited discovery request.

First, SISW has made a prima facie showing of harm by its prima facie showing of copyright infringement by the individuals sought to be identified and named as defendants. To state a claim for copyright infringement, a plaintiff must show (1) "ownership of a valid copyright, and (2) [the infringer's unauthorized] copying of constituent elements of the work that are original." *Guajardo v. Freddie Records, Inc.*, No. H-10-2024, 2013 U.S. Dist. LEXIS 90630, at *17 (S.D. Tex. Apr. 9, 2013) (citing *Feist Pub., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). With respect to the first prong, the Complaint attaches as exhibits SISW's valid registration statements covering its copyrights to the Software. (*See* Complaint, Exhs. A-O ¶ 16); *see also* 17 U.S.C. § 410(c) (providing that a "certificate of [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright"). Further, the Complaint alleges that defendants downloaded or used the Software without SISW's permission. (Complaint ¶ 1); *see also Sony Pictures Home Entm't, Inc.*

*v. Lott*, 471 F. Supp. 2d 716, 722 (N.D. Tex. 2007) (unauthorized downloading constitutes direct copyright infringement).

Second, SISW's discovery request is specific.  It seeks only the names, addresses, telephone numbers and email addresses, of the persons associated with the IP addresses that SISW has collected.  Notably, SISW is not seeking any *content* of any emails or other communications associated with these individuals.

Third, SISW has no alternative way of obtaining the information it seeks.  SISW is informed and believes that Comcast's records are the only source of information available to SISW which can provide the information required to prosecute its valuable intellectual property rights at issue in this action.  As the Court stated in *Combat Zone*, due to the nature of online transactions, copyright holders in cases like this one have "no alternative way of determining the Doe Defendants' identities except through a third-party subpoena." *Combat Zone*, 2012 WL 6684711, at *1 (observing that 47 U.S.C § 551(c)(2)(B) (the Cable Privacy Act) prohibits cable operators who are also ISPs from disclosing personally identifiable information of their customers' without their consent or a court order).  Because Comcast is both an ISP and a cable operator, SISW has no other means to acquire the identifying information.  Moreover, if Comcast is not ordered to preserve information in its possession, custody, or control related to IP addresses associated with unlawful downloads of the Software, that information could be destroyed, forever foreclosing SISW's ability to enforce its rights.

Fourth, the information SISW seeks is absolutely necessary to advancing its copyright infringement claims.  The only means available for SISW to identify the individuals who used Comcast's Internet services to illegally download and use the Software is to obtain from Comcast the identifying information of the persons associated with the IP addresses that SISW has collected.

Unless Comcast is ordered to provide SISW with that identifying information, SISW cannot proceed with its claims against the Defendants.

Fifth, the users' expectation of privacy will be protected by the court-imposed conditions on the plaintiff's pre-conference discovery that mirror those contained in SISW's Proposed Order. The relief sought by this motion is neither unique nor unprecedented. *See, e.g.*, *Warner Bros. Record Inc. v. Does 1-14*, 555 F. Supp.2d 1, 1 (D.D.C. 2008) (permitting expedited discovery from an ISP whose subscribers' IP addresses had been identified as being used for the unauthorized distribution of motion pictures); *Siemens Industry Software Inc. v. Does 1-142*, No. 4:21-CV-00385, Dkt. 8 (S.D. Tex. Mar. 30, 2021) (attached as Exhibit A); *Siemens Industry Software Inc. v. Does 1-150*, No. 4:20-CV-00798, Dkt. 9 (S.D. Tex. May 25, 2020) (attached as Exhibit B); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-118*, No. 4:17-CV-02448, Dkt. 9 (S.D. Tex. July 26, 2019) (attached as Exhibit C); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-93*, No. 4:17-CV-01796, Dkt. 7 (S.D. Tex. June 15, 2017) (attached as Exhibit D); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-100*, No. 4:16-CV-01422, Dkt. 29 (S.D. Tex. November 4, 2016) (attached as Exhibit E); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-100*, Doe 16, & Doe 17, No. 4:15-CV-00582, Dkt. 26 (E.D. Tex. July 7, 2016) (attached as Exhibit F). In *Combat Zone*, the Court allowed the plaintiff to conduct expedited discovery from an ISP with respect to information associated with unauthorized distribution of the plaintiffs' copyrighted works. 2012 WL 6684711, at *3. The plaintiff, like SISW, had identified the IP addresses associated with the ISP whose facilities the defendants used for the infringing activities. The plaintiff, however, could not identify the defendants due to the limits of publicly available information. *Id*. at 1. The plaintiff therefore sought by motion the same information from the ISP that SISW seeks to discover here. *Id*. The Court found that the

plaintiff's suit could not progress without the requested discovery and granted the motion. *Id*. at 2. In doing so, the court imposed conditions on the plaintiff's pre-conference discovery that mirror those contained in SISW's Proposed Order. *Id*. Accordingly, SISW respectfully requests that the same relief be granted here.

Finally, granting SISW the Order it requests will not materially burden Comcast given that it has established procedures for processing these types of requests. As previously stated, Comcast has indicated that it can provide the requested information in a reasonable time provided that the proper legal documentation accompanies the requested information and the specific time and date of the incident involving the IP address is provided.

## **CONCLUSION**

For the reasons set forth above, SISW respectfully requests that this Court grant this Motion and order that Comcast comply with SISW's discovery directed at obtaining information sufficient to identify and contact the Defendants in this copyright infringement case.

DATED this 23rd day of February 2022.

 */s/ Robert R. Riddle*
 Robert R. Riddle  - Lead Attorney
 Texas Bar No. 24035495
 S.D. Tex. No. 1553007

 Katherine Geldmacher
 Texas Bar No. 24109916
 S.D. Tex. No. 3352401

 Reed Smith, LLP
 811 Main Street, Suite 1700
 Houston, TX 77002-6110
 rriddle@reedsmith.com
 kgeldmacher@reedsmith.com
 Telephone: +1 713 469 3800
 Facsimile: +1 713 469 3899

 *Counsel for Plaintiff*
 *Siemens Industry Software Inc.*